JAMES P. KEMP, ESQUIRE
Nevada Bar No.: 006375
VICTORIA L. NEAL, ESQUIRE
Nevada Bar No.: 13382
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183 tel./(702) 258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JULIO RIVERA, | Case No.:  2:16:-cv-01005-JAD-GWF |
| Plaintiff, | |
| vs. | PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT DOLORES ELIADES |
| DOUGLAS D. GERRARD; DOLORES ELIADES; and,  ARISTOTELIS ELIADES; DOES I through X; and, ROES I through X, inclusive, | |
| | [FIRST REQUEST] |
| Defendants. | |

   COMES NOW PLAINTIFF by and through his counsel of record, Kemp and Kemp, and pursuant to FRCP Rules 4 and 6 hereby moves the Court for an Order extending time to serve process on Defendant Dolores Eliades for a period of approximately two months, through and including July 6, 2016.  This Motion is made upon the papers and pleadings set forth herein and attached hereto.  The request for an extension of time is made in good faith and not for purposes of delay.

   Dated this 5th day of May, 2016.

                                           /s/ Victoria L. Neal
                                           JAMES P. KEMP, ESQUIRE
                                           VICTORIA L. NEAL, ESQUIRE
                                           KEMP & KEMP, ATTORNEYS AT LAW
                                           7435 W. Azure Drive, Suite 110,
                                           Las Vegas, NV  89130
                                           *Attorneys for Plaintiff*

1

## POINTS AND AUTHORITIES

### I. INTRODUCTION

This case was filed in the Eighth Judicial District Court in and for Clark County, Nevada on February 4, 2016. Defendants thereafter removed the case to the United States District Court, District of Nevada Court on May 4, 4016. All Defendants except for Defendant Dolores Eliades have been served with process. This Motion is being brought in accordance with LR-5. (*See generally*, Ex. A, Neal Decl.).

### II. ARGUMENT

A. **Good cause exists to grant Plaintiff's Motion to Extend Time for Service on Defendant Dolores Eliades**.

Federal Rules of Civil Procedure (FRCP) Rule 6(b) provides in relevant part:

(1) In General: When an act may or must be done within a specified time, the court may, for good cause, extend time: (A) with to without motion or notice if the court acts, or is a request is made.

Fed. R. Civ. P. 6.

Furthermore, the Rule which governs the time limit for service in Federal Court says "[if] a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). This Rule "require[s] a court to extend time if good cause is shown and ... allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Matasareanu v. Williams,* 183 F.R.D. 242, 245 (C.D. Cal. 1998), citing *Petrucelli v. Bohringer and Ratzinger, GMBH Ausdereitungsanlagen,* 46 F.3d 1298, 1305 (3d Cir.1995).

The Ninth Circuit "has characterized good cause, at a minimum, as 'excusable neglect.'" *Elec. Specialty Co. v. Rd and Ranch Supply, Inc.,* 967 F.2d 309, 312 (9th Cir. 1992), citing *Baudette v.*

2

*Barnette,* 923 F.2d 754, 756 (9th Cir.1991). "A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.,* citing *Hart v. United States,* 817 F.2d 78, 80-81 (9th Cir.1987).

The Complaint in this case was filed in state court, where the rule governing the time for service allows for 120 days. Nev. R. Civ. P. 4(i). The Complaint was filed on February 5, 2016. The deadline for service under state law is June 3, 2016. The matter was removed to Federal court on May 4, 2016. The federal rules do not articulate whether the federal 90 day time limit for service applies to a removed action. The Local Rules provide that "[i]n cases or proceedings where the Federal Rules of Civil Procedure ... authorize the service of process to be made in accordance with Nevada state practice; counsel for the party seeking the service comply with the requirements of state practice, together with specific instructions for administering service." LR 7064(b)(l). Since this Local Rule refers to an ambiguity in the Federal Rules of Civil Procedure, it is reasonable to infer that a complaint filed in state court but later removed should be served in accordance with Nevada state practice. Alternatively, at a minimum, 90 days should start on the date the matter is removed to federal court.

If the federal 90-day rule is based on the date the state court complaint was filed, then the 90 days would expire on May 5, 2016, the day after the action was removed. If the state court 120-day deadline still applies, the deadline for service would be June 4, 2016. If the date the action was removed tolls the 90-day deadline, then the deadline for service would be August 3, 2016. Thus, three possible interpretations of the procedural rules exist. Two of them, the first applying the state 120 day time limit for service, the second applying the federal 90 day time limit based on the date of removal, demonstrate that the time limit for service has not yet expired. The third possible

1 interpretation, applying the federal rule to the date of filing the state complaint, suggests that the
2 time limit has expired.

3    This third interpretation is inequitable as it would provide for forum shopping defendants
4 a means to unilaterally shorten the time for service by merely removing to federal court. If this
5 third interpretation were to significantly alter the outcome of the case by enabling immediate
6 dismissal for a forum shopping defendant, then, under *Erie*, state procedural law should apply. *See*
7 *Hanna v. Plumer,* 380 U.S. 460, 468 (1965) ("'The 'outcome-determination' test therefore cannot be
8 read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and
9 avoidance of inequitable administration of the laws."). *Hanna* was a diversity case which held that
10 in such cases, federal procedural rules and state substantive law apply after removal. This case was
11 removed based on subject matter, not diversity, and ·the case law is less clear on the
12 application of procedural rules in a situation such as this.

13    The Fifth Circuit articulated which rule applies in a similar situation: "Although federal
14 law requires the defendant to file a removal motion within thirty days of service of process is
15 defined by state law So, to determine whether the [defendant] complied with § 1446(b), we must
16 look to see what constitutes service of process on a foreign corporation under [state] law." *City of*
17 *Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Basically, the federal court
18 does not have jurisdiction over a defendant in a removal action unless and until service of process
19 is made under state law so that the state court first has jurisdiction of that removing defendant.
20 *City of Clarksdale* was seeking to determine whether the court had proper jurisdiction over the
21 removing defendant, so it is yet unclear whether this same rule would apply to a properly removed
22 action with additional defendants who still need to be served. It seems to infer, however, that
23 service under state law would be required.

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

4

Regardless, Fed. R. Civ. P. 4(m) indicates that even if the time for service has passed, the Court must extend time for service if good cause is shown. It is apparent that if good cause is shown, it doesn't matter whether the state or the federal rule applies, as the deadline for service of process can be extended. Thus, any inequity which might be caused by applying the federal rules can be easily cured by simply granting a request for an extension.

Here, good cause exists to allow Plaintiff additional time for service because Plaintiff has diligently attempted to locate Defendant Dolores Eliades to serve process on, but has not been able to affect service as of this date. Defendant Dolores Eliades no longer owns, works or is physically present at the Olympic Gardens. (S*ee* Ex. A., Neal Decl., ¶ 6). Plaintiff believes and has been searching property records in both Arizona and New Mexico to locate her. (*Id.).* When speaking with opposing counsel for Aristotelis Eliades on May 4, 2016, Plaintiff's inquired as to the whereabouts of Defendant Dolores Eliades to which counsel replied she has a house somewhere in New Mexico, possibly Albuquerque, and sometimes stays with her daughter in Las Vegas. (S*ee* Ex. A., Neal Decl., ¶ 7). It should be noted the Defendants Aristotelis Eliades and Dolores Eliades are siblings, but oddly it appears her brother possesses no further information of her whereabouts. (S*ee* Ex. A., Neal Decl., ¶ 6). Plaintiff continues to search for and communicate with known associates and acquaintances of Defendant Dolores Eliades, but has yet to locate her. (*Id.*).

This situation constitutes good cause for extending time to serve Defendant Dolores Eliades. Defendant would suffer no prejudice, seeing as proper service will be effectuated. Plaintiff however, would be severely prejudiced if his Complaint were dismissed as to Defendant Dolores Eliades. Plaintiff therefore requests an additional 63 days for serving the Complaint which would be July 7, 2016.

…

…

…

### III. CONCLUSION

Plaintiff respectfully request this Court to issue an Order permitting Plaintiff an additional 63-day period to perfect service against Defendant Dolores Eliades.

DATED this 5th day of May, 2016

                                /s/ Victoria L.. Neal
                                JAMES P. KEMP, ESQUIRE
                                Nevada Bar No.: 006375
                                VICTORIA L. NEAL, ESQUIRE
                                Nevada Bar No.:  13382
                                KEMP & KEMP, ATTORNEYS AT LAW
                                7435 W. Azure Drive, Suite 110,
                                Las Vegas, NV  89130

                                *Attorneys for Plaintiff*

                                **ORDER**

**IT IS SO ORDERED:**

Dated this  6th   day of May, 2016.

                                _____
                                UNITED STATES MAGISTRATE JUDGE FOLEY

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a copy of the foregoing motion was served on the following as indicated:

All Parties Registered
Through the CM/ECF system.

Dated this 5th day of May, 2016

/s/ Victoria L. Neal
An employee of KEMP & KEMP, Attorneys at Law

# EXHIBIT A

# EXHIBIT A

JAMES P. KEMP, ESQUIRE
Nevada Bar No.: 006375
VICTORIA L. NEAL, ESQUIRE
Nevada Bar No.: 13382
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183 tel./(702) 258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIO RIVERA, | Case No.: 2:16:-cv-01005-JAD-GWF |
| Plaintiff, | |
| vs. | |
| DOUGLAS D. GERRARD; DOLORES ELIADES; and, ARISTOTELIS ELIADES; DOES I through X; and, ROES I through X, inclusive, | **DECLARATION OF VICTORIA L. NEAL** |
| Defendants. | |

COMES NOW VICTORIA L. NEAL, ESQ., and hereby declares under penalty of perjury as follows:

1. I am a resident of Clark County, Nevada, and over the age of eighteen (18) years of age.

2. I am an attorney duly licensed to practice before all courts within the State of Nevada, including the United States District Court for the District of Nevada. I am counsel of record for Plaintiff, Julio Rivera.

3. I make this declaration of my own personal knowledge and each assertion contained herein is true and correct to the best of my knowledge, except those assertions made upon information and

1

belief, and as to those assertions, I believe them to be true. If called to testify to the matters contained in this declaration, I would competently testify to the same.

4. Pursuant to Nev. R. Civ. P. 4(i), the time required to serve a summons and complaint filed on February 5, 2016, is 120 days. The last say to serve Defendant Dolores Eliades pursuant to Nevada rules is June 4, 2016. The last day to serve Defendant Dolores Eliades would be the day after this action was removed to Federal court, May 5, 2016.

5. Since Defendant Dolores Eliades has not appeared in this matter, filing on an ex parte basis is proper.

6. Defendant Dolores Eliades no longer owns, works or is physically present at the Olympic Gardens. Plaintiff believes and has been searching property records in both Arizona and New Mexico to locate her and speaking with known associates and acquaintances of Defendant Dolores Eliades, but has yet to locate her.

7. When speaking with opposing counsel on May 4, 2016, Plaintiff's inquired as to the whereabouts of Defendant Dolores Eliades to which counsel for Aristotelis Eliades replied she has a house somewhere in New Mexico, possibly Albuquerque, and sometimes stays with her daughter in Las Vegas.

8. Upon information and belief, Defendants Aristotelis Eliades and Dolores Eliades are siblings.

FURTHER, THE DECLARANT SAYETH NAUGHT.

DATED this 5th day of May, 2016.

           /s/ Victoria L. Neal
           VICTORIA L. NEAL, ESQ.

2